Marc A. Fenster (*pro hac vice* application to be filed)
Reza Mirzaie (*pro hac vice* application to be filed)
Kristopher R. Davis (*pro hac vice* application to be filed)
Jonathan Ma (*pro hac vice* application to be filed)
RUSS AUGUST & KABAT
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff*
PARKING TECHNOLOGY HOLDINGS LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| PARKING TECHNOLOGY HOLDINGS LLC, | Civil Action No. _____ |
|---|---|
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| PARK ASSIST, LLC, | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Parking Technology Holdings LLC ("Plaintiff" or "PTH"), for its Complaint against Defendant Park Assist, LLC ("Defendant" or "Park Assist"), hereby alleges as follows:

## PARTIES

1. PTH is a Delaware limited liability company and is the sole owner by assignment of all right, title, and interest in United States Patent No. 7,893,848 ("'848 patent").

2. On information and belief, Defendant is a Delaware limited liability company with its principal place of business located at 57 W 38th Street, 11th Floor, New York, New York 10018.

3. On information and belief, Defendant is a wholly-owned subsidiary of its parent company, TKH Group NV, a Dutch public limited company headquartered in the Netherlands.

**NATURE OF THE ACTION**

4. This is a civil action for the infringement of the '848 patent under the patent laws of the United States, 35 U.S.C. § 1, et seq. A copy of the '848 patent is attached as Exhibit 1.

5. This action involves Defendant's manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services, and systems that provide parking guidance and infringe one or more claims of the '848 patent ("Accused Products"). The Accused Products include, for example, Defendant's M4 Smart-Sensor, L4 Lightpipe Sensor, S1 Outdoor Solution, Sparx platform, Park Alerts, Park Finder, and Park Surveillance products and services, as well as parking guidance systems incorporating such products and services.

**JURISDICTION AND VENUE**

6. This Court has original jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. §§ 271, et seq.

7. This Court has personal jurisdiction over Defendant in this action because Defendant regularly transacts business in this District, has committed acts within this District giving rise to this action, and has established minimum contacts with this forum, such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant has committed and continues to commit acts of infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the '848 patent.

8. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the '848 patent. Defendant maintains its corporate headquarters and employs employees in this District at 57 W 38th Street, 11th Floor, New York, New York 10018. Park Assist lists this office on its website at https://www.parkassist.com/contact-us/.

## INTRODUCTION AND FACTUAL BACKGROUND

9. Navigating a large parking structure or lot can be very frustrating and time consuming. With the help of parking guidance technology, however, drivers can locate vacant parking spaces more easily and efficiently. Besides improving customer experience, parking guidance technology can also benefit car park managers by enabling more efficient utilization and providing valuable analytics data.

10. Early parking guidance technology involved, for example, counting the number of cars that enter and exit a parking structure to derive the number of vacant spaces within the structure. While such systems offered marginal improvements over having no guidance at all, there remained much room for improvement. The inventor of the '848 patent, Mr. David Chew, recognized these deficiencies and identified key technological advancements that would dramatically improve the parking experience for both drivers and car park managers. This infringement action is about these patented improvements.

11. PTH owns by assignment all rights, title, and interest in U.S. Patent No. 7,893,848, entitled "Apparatus and Method for Locating, Identifying and Tracking Vehicles in a Parking Area." The '848 patent was duly and legally issued by the United States Patent and

Trademark Office on February 22, 2011. A true and correct copy of the '848 patent is attached as Exhibit 1.

12. All maintenance fees for the '848 patent have been paid, and there are no fees currently due.

13. Defendant has known of the '848 patent since at least October 8, 2014, when U.S. Patent Publication No. 2009/0309760 (which later issued as the '848 patent) was cited by the Examiner during the prosecution of Defendant's U.S. Patent No. 9,594,956. In fact, the '848 patent was applied by the Examiner against Defendant's application in at least five subsequent Office Actions, including those dated January 28, 2015; May 1, 2015; October 9, 2015; February 9, 2016; and June 9, 2016. The '848 patent has also been applied by the Examiner in at least five Office Actions against Park Assist's pending U.S. patent application (App. Ser. No. 15/406,797), including those dated March 9, 2017; September 5, 2017; December 28, 2017; June 3, 2019; and September 11, 2019. Nonetheless, Defendant continues to make, use, offer to sell, sell, and import the Accused Products, despite its detailed knowledge of the '848 patent and the objectively high likelihood that these activities constitute infringement of a valid patent.

14. According to Defendant, it entered the parking guidance market in 2005. *See* https://www.parking-net.com/parking-showcases/park-assist/business-case-for-camera-based-pgs. Defendant released its "1st Generation Camera Sensors" in 2010 and claims that it "invented the concept of camera based guidance." *Id.* Defendant did not invent this concept. The '848 patent explicitly discloses and claims camera-based parking guidance systems, and it claims priority to a U.S. patent application filed in 2004 and a Singaporean patent application filed in 2003. Defendant was forced to repeatedly narrow the claims of its patent application in response to the Examiner's repeated rejections applying the '848 patent as prior art.

4

## COUNT I

## (INFRINGEMENT OF THE '848 PATENT)

15. PTH realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

16. PTH owns by assignment all rights, title, and interest in U.S. Patent No. 7,893,848, entitled "Apparatus and Method for Locating, Identifying and Tracking Vehicles in a Parking Area." The '848 patent was duly and legally issued by the United States Patent and Trademark Office on February 22, 2011. A true and correct copy of the '848 patent is attached as Exhibit 1.

17. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products and services ("Accused Products") that directly infringe, literally and/or under the doctrine of equivalents, claims 1-16 of the '848 patent. These Accused Products include, for example, the M4 Smart-Sensor, L4 Lightpipe Sensor, S1 Outdoor Solution, Sparx platform, Park Alerts, Park Finder, and Park Surveillance products and services, as well as parking guidance systems incorporating such products and services.

18. The Accused Products satisfy all claim limitations of claims 1-16 of the '848 patent. An exemplary claim chart comparing independent claim 4 of the '848 patent to a representative accused parking guidance system incorporating Defendant's M4 Smart-Sensors is attached as Exhibit 2.

19. Defendant also knowingly and intentionally induces infringement of claims 1-16 in violation of 35 U.S.C. § 271(b). Defendant has known of the '848 patent since at least October 8, 2014, when U.S. Patent Publication No. 2009/0309760 (which later issued as the '848 patent) was cited by the Examiner during the prosecution of Defendant's U.S. Patent No. 9,594,956. In

fact, the '848 patent was applied by the Examiner against Defendant's application in at least five subsequent Office Actions, including those dated January 28, 2015; May 1, 2015; October 9, 2015; February 9, 2016; and June 9, 2016. Despite this detailed knowledge of the '848 patent and the infringing nature of the Accused Products, Defendant continues to actively encourage and instruct its customers and end users (for example, through its user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '848 patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '848 patent, thereby specifically intending for and inducing its customers to infringe the '848 patent through the customers' normal and customary use of the Accused Products.

20. Defendant continues to make, use, offer for sale, sell, and/or import the Accused Products, despite having detailed knowledge of the '848 patent and despite the objectively high likelihood that Defendant's actions constitute infringement of the '848 patent. Defendant has known or should have known of this risk at least as early as 2014. Accordingly, Defendant's infringement of the '848 patent has been and continues to be willful.

21. By making, using, offering for sale, selling, and/or importing into the United States the Accused Products without license or authorization from PTH, Defendant has injured PTH and is liable for infringement of the '848 patent pursuant to 35 U.S.C. § 271.

22. As a result of Defendant's infringement of the '848 patent, PTH is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

23. Defendant's infringing activities have injured and will continue to injure PTH, unless and until this Court enters an injunction prohibiting further infringement of the '848 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

**PRAYER FOR RELIEF**

WHEREFORE, Parking Technology Holdings LLC ("PTH") respectfully requests that this Court enter:

a. A judgment in favor of PTH that Defendant has infringed the '848 patent;

b. A permanent injunction prohibiting Defendant from further acts of infringement of the '848 patent;

c. A judgment that awards PTH all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the '848 patent, up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate PTH for Defendant's infringement;

d. An adjudication that Defendant's infringement of the '848 patent has been willful and deliberate;

e. An adjudication that PTH be awarded treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of, *inter alia*, Defendant's willful and deliberate infringement of the '848 patent;

f. An adjudication that this case is exceptional within the meaning of 35 U.S.C. § 285;

g. An adjudication that PTH be awarded the attorneys' fees, costs, and expenses it

incurs in prosecuting this action; and

h.  An adjudication that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

PTH, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable.

DATED: April 21, 2020    **RUSS, AUGUST & KABAT**

/s/ *Kristopher R. Davis*

Marc A. Fenster (*pro hac vice* application to be filed)
mfenster@raklaw.com
Reza Mirzaie (*pro hac vice* application to be filed)
rmirzaie@raklaw.com
Kristopher R. Davis (*pro hac vice* application to be filed)
kdavis@raklaw.com
Jonathan Ma (*pro hac vice* application to be filed)
jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff Parking Technology Holdings LLC