

Tod M. Melgar
212-841-0560
TMelgar@phillipsnizer.com

485 Lexington Avenue
New York, NY 10017-2643
212.977.9700
Fax 212.262.5152

New York • New Jersey • Geneva

www.phillipsnizer.com

An international
member of Ally Law
www.Ally-Law.com

July 2, 2021

*VIA ECF FILING*

Hon. Paul G. Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 705
New York, NY 10007

> Re:  *Parking Technology Holdings LLC v. Park Assist, LLC*, Case No. 1:20-cv-03156-PGG

Dear Judge Gardephe:

We represent Defendant Park Assist LLC. We write to ask the Court to sign the attached Letter of Request to the Supreme Court of Singapore, pursuant to the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), to which both the United States and Singapore are signatories, granting Park Assist permission to obtain documents from certain third-parties located in Singapore.

Stratech Systems Limited ("Stratech") was the original assignee of PTH's U.S. Patent No. 7,893,848 (the '848 Patent), which David Chew, a citizen of Singapore and former chairman of Stratech, allegedly invented. Stratech entered into bankruptcy proceedings in 2018, and BDO LLP ("BDO") was appointed as liquidators. After the '848 Patent's maintenance fees that were due 7.5 years after its issuance were not timely paid in 2018, the patent lapsed. In October 2019, BDO filed a petition to reinstate the '848 Patent, stating that the nonpayment was "unintentional" and then sold it to PTH the next month. PTH then filed this suit against Park Assist in April 2020, alleging infringement of the '848 patent.

BDO and Mr. Chew are believed to possess information concerning, among other things, the alleged invention set forth in the '848 patent and research and development leading thereto, circumstances surrounding the failure to timely pay the required maintenance fees for the '848 Patent, the reinstatement of the '848 Patent after it had expired for nonpayment of maintenance fees, and PTH's acquisition of the '848 Patent. We are seeking document production from BDO and Mr. Chew. Park Assist believes that the information regarding the reinstatement may be

PHILLIPS NIZER LLP

July 2, 2021
Page 2

relevant to the infringement and/or invalidity of the patent, and that the information regarding the maintenance fees and acquisition may be relevant to patent enforceability.

A party seeking evidence through the Hague Convention must demonstrate that proceeding in that manner is "necessary and appropriate." *Metso Mins. Inc. v. Powerscreen Int'l Distribution Ltd.*, No. CV 06-1446 ADS ETB, 2007 WL 1875560, at *2 (E.D.N.Y. June 25, 2007) (internal citations omitted)."That burden is not great, however, since the Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention." *Id.* (internal citations omitted).

Courts apply the principles contained in Rule 26 when deciding whether to issue letters of request, including whether "the evidence sought may be material," and the "breadth, relevance, and the availability of the information sought from other sources." *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012) (internal citations omitted). Indeed, courts routinely issue letters upon a reasonable showing that the evidence sought may be material. *See, e.g.*, *Netherby Ltd. v. Jones Apparel Grp., Inc.*, No. 04 CIV. 7028 (GEL), 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005) (determining that the "[p]laintiff need not accept defendants' account of its dealings with its Canadian sub-licensee, but can seek to determine whether the sub-licensee's documents and testimony confirm or undermine discovery obtained from defendants").

We respectfully request that Your Honor sign and execute the attached proposed Letter Rogatory to Singapore.

Respectfully Submitted,

/s/ Tod M. Melgar

_____

Tod M. Melgar

cc:      Counsel of record (via CM/ECF)

3157501.4