# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Parking Technology Holdings LLC, | Case No.: 1:20-cv-03156-PGG |
| Plaintiff, | **REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE** |
| v. | |
| Park Assist, LLC, | **Hon. Gabriel W. Gorenstein** <br> **United States Magistrate Judge** |
| Defendants. | |

**TO THE SUPREME COURT OF SINGAPORE:**

The United States District Court for the Southern District of New York presents its compliments to the Supreme Court of Singapore and respectfully requests international judicial assistance to obtain evidence for use in a civil proceeding before this Court in the above-captioned patent infringement dispute.

This Court requests the assistance described herein pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Convention"), as adopted and implemented in the United States of America at 28 U.S.C. § 1781, and as ratified under Singapore law. The United States District Court for the Southern District of New York is a competent court of law and equity, which properly has jurisdiction over this matter and has the power to compel the production of evidence both within and outside its jurisdiction. *See* Fed. R. Civ. P. 4(f)(2)(B), 28(b); All Writs Act, 28 U.S.C. §§ 1651, 1781(b).

The production of information requested herein is intended for use at trial and, in the view of this Court, will be highly relevant to the claims and defenses in this case. This request is made with the understanding that it will in no way require any person to commit any offense, or to undergo a broader form of inquiry than they would if

1

the litigation were conducted in Singapore. The requesting Court is satisfied that the information sought to be obtained through this request is relevant and necessary and cannot reasonably be obtained by other methods. Because this Court lacks authority to compel participation of these persons, and such participation being necessary in order that justice be served in the above-captioned proceedings, this Court respectfully requests assistance from the Singapore Supreme Court.

1. **SENDER**
   Honorable Gabriel W. Gorenstein
   United States Magistrate Judge
   United States District Court for the Southern District of New York
   500 Pearl Street, Courtroom 6B
   New York, New York 10007
   United States of America

2. **CENTRAL AUTHORITY OF THE REQUESTED STATE**
   Supreme Court of Singapore
   1 Supreme Court Lane
   Singapore 178879

3. **PERSON TO WHOM THE EXPECTED REQUEST IS TO BE RETURNED**
   Tod M. Melgar, Esq.
   Timothy Heaton, Esq.
   Phillips Nizer LLP
   485 Lexington Avenue, 14th Floor
   New York, New York 10017
   United States of America
   Telephone: 212-977-9700
   E-mail: tmelgar@phillipsnizer.com
   E-mail: theaton@phillipsnizer.com

3156734.2

4. **SPECIFICATION OF DATE BY WHICH THE REQUESTING AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST AND REASON FOR URGENCY, IF ANY**

This Court requests that the documents be delivered by August 25, 2021. The reason for the urgency is that the deadline for all fact discovery in this case is August 25, 2021.

5. **IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST**

   a. **Requesting judicial authority:**
   Honorable Gabriel W. Gorenstein
   United States Magistrate Judge
   United States District Court for the Southern District of New York
   500 Pearl Street, Courtroom 6B
   New York, New York 10007
   United States of America

   b. **To the competent authority of:**
   Supreme Court of Singapore
   1 Supreme Court Lane
   Singapore 178879

   c. **Names of the case and any identifying number:**
   *Parking Technology Holdings LLC v. Park Assist LLC*
   Case No. 1:20-cv-03156-PGG-GWG
   United States District Court for the Southern District of New York

6. **NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES**

   a. **Plaintiff**
   Parking Technology Holdings LLC

3156734.2

<u>Represented By</u>:
Kristopher Davis
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
E-mail: kdavis@raklaw.com

b. **Defendant**
Park Assist, LLC

<u>Represented By</u>:
Tod M. Melgar
Timothy P. Heaton
Phillips Nizer LLP
485 Lexington Avenue
New York, NY 10017
Telephone: 212-977-9700
E-mail: tmelgar@phillipsnizer.com
E-mail: theaton@phillipsnizer.com

7. **NATURE OF THE PROCEEDINGS, SUMMARY OF COMPLAINT, AND SUMMARY OF DEFENSE**

Plaintiff Parking Technology Holdings LLC ("PTH") owns United States Patent No. 7,893,848 (the "'848 Patent"), entitled "Apparatus and Method for Locating, Identifying and Tracking Vehicles in a Parking Area."  On April 21, 2020, PTH filed a complaint alleging that Defendant Park Assist LLC's ("Park Assist") products infringe the '848 Patent.  On June 15, 2020, Park Assist denied all allegations of infringement and raised several affirmative defenses to liability, including that the '848 Patent is invalid, unenforceable, and/or void for failure to comply with the provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

Accompanying this submission as Exhibit A are copies of Plaintiff's Complaint setting forth its claims and Defendant's Answer setting forth its defenses.

This Court has not conducted any independent investigation of Plaintiff's claims or Defendant's defenses but, pursuant to the U.S. Federal Rules of Civil Procedure, the parties are entitled and obligated to seek information in an effort to support their claims and defenses, and that may take the form of requests for information, including from non-parties.

## 8. EVIDENCE TO BE OBTAINED AND PURPOSE OF THE EVIDENCE SOUGHT

This Letter of Request is for evidence that is expected to be used at trial in the above referenced civil action. The evidence will be treated consistent with the Protective Order that has already been entered in the above cases, which is attached to this Letter of Request as Exhibit B. The Protective Order is designed to protect producing entities from any unauthorized use or disclosure of confidential or proprietary information and allows third parties to designate materials they produce as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE." Further, the Protective Order provides generally for the return or destruction of designated material after the final disposition of the case. This Court has jurisdiction over the parties and the Protective Order for the purposes of compliance with and enforcement of its terms.

This Court respectfully requests that this Letter of Request be executed by the Supreme Court of Singapore and carried out (in whole or part) by the Supreme Court of Singapore and any court appointed by it. Upon execution of this Letter of Request, it is respectfully requested that the Supreme Court of Singapore apply all appropriate means available to them to compel compliance with the following requests for documents.

Stratech Systems Limited ("Stratech") was the original assignee of PTH's U.S. Patent No. 7,893,848 (the '848 Patent), which David Chew, a citizen of Singapore and former chairman of Stratech, allegedly invented. Stratech entered into bankruptcy proceedings in 2018, and BDO LLP ("BDO") was appointed as liquidators. After the '848 Patent's maintenance fees that were due 7.5 years after its issuance were not timely paid in 2018, the patent lapsed. In Oct. 2019, BDO filed a petition to reinstate the '848 Patent, stating that the nonpayment was "unintentional" and then sold it to PTH the next month. PTH then filed this suit against Park Assist in April 2020, alleging infringement of the '848 patent.

BDO and Mr. Chew are believed to possess information concerning, among other things, the alleged invention set forth in the '848 patent and research and development leading thereto, circumstances surrounding the failure to timely pay the required maintenance fees for the '848 Patent, the reinstatement of the '848 Patent after it had expired for nonpayment of maintenance fees, and PTH's acquisition of the '848 Patent.

Specifically, Park Assist seeks production from BDO and Mr. Chew of the documents identified in **Schedule A**.

## 9.  DOCUMENTS TO BE INSPECTED

This Court requests that BDO and Mr. Chew be ordered to produce to Park Assist any documents in their possession, custody, or control as identified in **Schedule A.**

10. **SPECIAL METHODS OR PROCEDURES TO BE FOLLOWED**

    For production of documents, this Court requests that:

    (a)    BDO and Mr. Chew produce all documents within their possession, custody, or control, or to which they otherwise have access, that are responsive to the document requests;

    (b)    the requested documents be produced in the form of duplicates of the original documents instead of summaries or descriptions;

    (c)    the requested documents be numbered serially (*e.g.*, "BDO00001", "CHEW00001") for ease of identification;

    (d)    any confidential information be so designated according to the terms of the Protective Order;

    (e)    the requested documents be produced as they are kept in the usual course of business, or be organized and labeled to correspond to the categories in the request;

    (f)    the requested documents include electronically stored information produced in a form in which it is ordinarily maintained or in a reasonably usable for; and

    (g)    the same electronically stored information need not be produced in more than one form.

With respect to delivery of documents identified in **Schedule A**, Park Assist agrees to accept documents in native electronic format, such that BDO and Mr. Chew would incur no document processing charges and will ensure that all parties will receive a copy of the documents. Documents can be delivered electronically to Park Assist's counsel, by email or electronic file transfer.

11. **REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR THE EXECUTION OF THE REQUEST AND IDENTITY AND ADDRESS OF ANY PERSON TO BE NOTIFIED**

This Court respectfully requests that any order made to produce documents specifically require copies of the documents to be produced to the parties' representatives as identified in Section 6 above.

12. **REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST**

No attendance of United States judicial personnel is requested.

13. **SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE STATE OF ORIGIN**

Under the laws of the United States, a person or entity has a privilege to refuse to give evidence if to do so would disclose a confidential communication between the witness and his or her attorney that was communicated specifically for the purpose of obtaining legal advice and which privilege has not been waived. Certain limited immunities are also recognized outside the strict definition of privilege, such as the limited protection of work product created by attorneys during or in anticipation of litigation.

14. **FEES AND COSTS INCURRED WHICH ARE REIMBURSABLE UNDER THE SECOND PARAGRAPH OF ARTICLE 14 OR UNDER ARTICLE 26 OF THE CONVENTION**

The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Hague Convention shall be borne by Park Assist. Park Assist requests to be contact if the fees will exceed $5,000USD.

## CONCLUSION

It is respectfully requested that this Letter of Request be given the highest consideration and enforced as soon as practicable. To the extent that any portion of the Request cannot be granted, it is respectfully requested that the remaining parts be granted. This Court assures the Supreme Court of Singapore that it will reciprocate with similar assistance in like cases and extends the Supreme Court of Singapore the assurances of its highest consideration.

**DATED**: July 6, 2021

*[signature: Gabriel W. Gorenstein]*

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court for the
Southern District of New York

[SEAL OF THE COURT]